## DECLARATION OF SHANTA DRIVER

1. I am the lead attorney for Plaintiffs in *Defend Affirmative Action Party, et al. v. Regents of the University of California, et al.* (Case No. 3:16-cv-01575-VC).
2. I was present at, and spoke to, the mandatory candidates' meeting convened by the ASUC Elections Council on March 15, 2016. Present were the following Defendants: ASUC Attorney General Alek Klimek, all the members of the ASUC Elections Council, and several members of the ASUC Judicial Council including Chief Justice Emma Ireland.
3. I addressed the entire mandatory candidates' meeting. In my statement, I made an appeal to the Elections Council and the Judicial Council to reverse the decision to exclude DAAP from the ballot, to allow DAAP signatory Michael Cortez-Mejia to determine the ballot order of DAAP's candidates for ASUC Senate, and to give DAAP an opportunity to be a party participant in the lottery to determine the order in which parties would appear on the ballot. This was prior to the "point of no return" at which the ballot would be finalized, and prior to the meeting of the Elections Council to determine whether to reconsider DAAP's appeal.
4. I unequivocally stated that DAAP would bring a lawsuit to enjoin the elections if the Elections Council and/or the Judicial Council failed to give DAAP candidates the right to run under their party name and to give DAAP equal party rights.
5. I made clear that a lawsuit would delay the election and be a needless cost to the ASUC, and that DAAP was willing to work with any and all ASUC bodies that could resolve this situation. I stated that we would not take legal action until we had exhausted all opportunities afforded to DAAP to resolve these issues through the ASUC.
6. Following the mandatory candidates meeting, after the Elections Council had failed to act (as Plaintiff Cortez-Mejia had been told they would by Judicial Council Chair Emma Ireland), an informal meeting occurred between myself, several DAAP candidates, DAAP's campaign manager Yvette Felarca, Elections Council Chair Meeri Shin, Chief Justice Emma Ireland, and ASUC Attorney General Alek Klimek.
7. During this informal discussion, the Elections Council stated that they would plead no contest to DAAP's appeal of their decision, and Attorney General Klimek stated to Chief Justice Emma Ireland that the ASUC would be sued by DAAP, and so the Judicial Council should take the opportunity provided by the Elections Council's no-contest position to rule for DAAP.
8. After that discussion, DAAP provided the Judicial Council with a revised petition appealing the Elections Council's decision per the Judicial Council's request. The Elections Council then filed notice with the Judicial Council that they would not contest DAAP's petition, and that they had no intention of attending a Judicial Council hearing.

    Indeed, when the Judicial Council met on March 17 to consider DAAP's appeal, the Elections Council did not attend.

9. Fully aware that they would face a lawsuit and that DAAP would take legal action to enjoin the election, the Judicial Council rejected DAAP's petition to be reinstated on the ballot. The Judicial Council members provided no explanation for their decision.
10. I believed that, based on earlier conversations, that a Judicial Council or Elections Council might occur after Spring Break (after March 28, 2016), to consider DAAP's appeal. Four days into the week, no such meeting has occurred.
11. Today (March 31, 2016), I called University of California General Counsel's office and notified them that we would serve the lawsuit on the Universiy. During that call, I inquired as to whether we would accept service for the ASUC, or provide us the name of attorney for ASUC Attorney General. They would not provide an answer to these questions.
12. My assistant, Mark Airgood, presented copies of this lawsuit to the Office of the General Counsel. However, the staff refused to accept it from him. I had to join Mr. Airgood at the General Counsel's office to even gain access to an attorney designated to accept service. The first attorney who I spoke with refused to accept service and proceeded to get Senior Counsel Norman J. Hamill to discuss the matter with me.
13. After I fully apprised Mr. Hamill of the urgency of the situation—that the student-government elections would begin on Monday (April 4), the reasons why we were seeking a temporary injunction, and a number of specifics of the case—and urged him to waive service of process of the Summons, Mr. Hamill accepted the initiating documents and motion for a temporary order on behalf of the UC Regents, UC President Napolitano, and Chancellor Dirks.
14. However, Mr. Hamill he stated that he could not accept service for the ASUC officials, but would acknowledge that we had attempted to serve him on their behalf, and that he would let us know whether he was the appropriate to accept serve for the ASUC officials. He was aware that we had served the initiating documents directed toward the ASUC to via personal delivery to the ASUC's Attorney General (Alek Klimek), and he requested that we cease serving other Defendants until he had an opportunity to determine who would be the appropriate agent(s) to accept service for the ASUC officials.
15. I agreed to Mr. Hamill's request, but as of this writing (6:02pm on March 31, 2016) have not received the pertinent information from him.

Under penalty of perjury under the laws of the State of California and the United States, I declare that the foregoing is true and correct.

Date: 3/31/16

Shanta Driver