RONALD CRUZ, California Bar No. 267038
SHANTA DRIVER, Michigan Bar No. P65007*
UNITED FOR EQUALITY AND AFFIRMATIVE ACTION LEGAL DEFENSE FUND
1985 Linden Street
Oakland, CA 94607
(510) 384-8859 Fax: 313-586-0089
ronald.cruz@ueaa.net
Attorneys for Plaintiffs
*Appearance *pro hac vice*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Defend Affirmative Action Party (DAAP), et al.

Plaintiffs,

vs.

Regents of the University of California, et al.,

Defendants.

CASE NO.: 3:16-cv-01575-VC

**DECLARATION OF YVETTE FELARCA**

---

I, Yvette Felarca, hereby declare the following:

1. I am a campaign manager with the Defend Affirmative Action Party.

2. This Declaration supplements my Declaration in support of Plaintiffs' Motion for a restraining order/injunctive relief. Except where expressly stated on information and belief, I have personal knowledge of the matters set forth below, and if called as a witness I could and would testify competently as follows:

3. On Tuesday March 15, 2016 after the ASUC Mandatory Candidates Meeting, myself, Michael Cortez-Mejia, and Thomas Moore approached the ASUC Chair of the Judicial

      Council, Emma Ireland, and members of the Judicial Council to request an immediate hearing and injunction against the Elections Council decision keep to the Defend Affirmative Action Party from the ballot.

4. Ms. Ireland flatly refused to give us a hearing. At that point, Alek Klimek, the ASUC Attorney General, and Meeri Shin, the ASUC Elections Council Chair, approached us.

5. Mr. Klimek and Ms. Shin told us that they wanted both parties, DAAP and the Judicial Council, to hear something important, and stated that in light of the possibility of legal against the ASUC, that they, the Elections Council, would not contest DAAP's petition to the Judicial Council to reverse the decision to keep DAAP off the ballot. When asked for clarity about what Ms. Shin and Mr. Klimek meant by that declaration, the ASUC Attorney General, Mr. Klimek, said, "We plead no contest if DAAP files an appeal against us with the Judicial Council, because we're going to be sued. In real court."

6. When Ms. Ireland told him that he shouldn't make the decision to not defend themselves, and told him to take time to think about it, she also stated that she did not know if the Judicial Council had jurisdiction over the case. Mr. Klimek turned to her and said, "Yes, you do. In the ASUC Constitution and By-Laws, and in the spirit of the law. As long as they're not asking us for $1 million dollars. From my understanding, they just want to be the ballot."

7. Ms. Ireland told us that she would confer with the rest of the Judicial Council.

8. We went back into the hallway and joined our attorney, Ms. Driver, and other members of DAAP. Ms. Ireland and other members of the Judicial Council, Mr. Klimek, Ms.Shin, and other members of the Elections Council joined us out in the hall and further negotiations, this time with Ms. Driver included, took place. Mr. Klimek told Ms. Driver that the Elections Council would plead "no contest" to DAAP's petition to the Judicial

Council. Ms. Driver stated that the term "no contest" was the incorrect mixing of civil and criminal procedures. Ms. Driver asked Ms. Ireland for an expedited hearing the next day, reiterating her intention to avoid a lawsuit by getting the ASUC to correct this "in order to save all parties unnecessary time and costs." Ms. Ireland stated that she thought that it would not be possible to hold the hearing until after spring break. Mr. Klimek then stated again that scheduling around the Elections Council schedule would not be necessary since they were not going to defend themselves. Ms. Ireland told Ms. Driver that she would try to get a hearing before spring break if possible.

9. The Judicial Council held a meeting two days later. The Elections Council kept their word and did not show up to the meeting and did not contest DAAP's petition. However, the Judicial Council voted 3-3 on accepting our petition and therefore did not give us a hearing.

10. The ASUC officials were clearly notified and fully cognizant that we would take legal action to stop the election and seek legal recourse for justice we were kept off the ballot.

11. DAAP held a press conference where we announced that we were filing a lawsuit against the ASUC and UC Berkeley administration, UC Regents, and the UC Office of the President in front of the Chancellor's office building, California Hall, in which I spoke on Ms. Driver's behalf. DAAP candidates spoke to the Daily Cal and also to a member of the UCPD about our lawsuit.

12. Since the Elections Council notified Mr. Cortez-Mejia that DAAP candidates would not be allowed to run on the ballot as DAAP party members, the time and resources of party have been diverted away from campaigning, and instead consumed with not only reversing the Elections Council decision against our party, but with new attacks on our

1 | candidates by Meeri Shin and the Elections Council to censor our candidates' names, platform statements, and pictures from the Voting Guide.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Date: March 31, 2016

_____
Yvette Felarca