**Greg Hull / Bar No. 57367**
greg@ellenberghull.com
**Steve Ellenberg / Bar No. 151489**
steve@ellenberghull.com
**Ellenberg & Hull**
4 N 2nd St Ste 1240
San Jose, CA 95113
Phone: 408-998-8500
Facsimile: 408-998-8503

Attorneys for Defendant Associated Students
Of the University of California (ASUC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEFEND AFFIRMATIVE ACTION PARTY, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**REGENTS OF THE UNIVERSITY OF CALIFORNIA, et. al.**<br><br>Defendants, | Case No. **4:16-cv-01575 -VC**<br><br>**PRELIMINARY OPPOSITION OF DEFENDANT ASSOCIATED STUDENTS OF THE UNIVERSITY OF CALIFORNIA TO PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

53217.002/793277v1

Defendant Associated Students of the University of California ("ASUC") submit this preliminary opposition to the Motion for Temporary Restraining Order or in the Alternative Preliminary Injunction ("Motion") filed by plaintiffs, including principal plaintiff Defend Affirmative Action Party ("DAPP").

## I. INTRODUCTION

Plaintiffs did not follow local Federal Court rules in bringing a motion for the extraordinary relief they seek: the prevention of a student election where voting starts on Monday, April 4. On that ground alone the motion should be denied.

Further, the law is clear that courts do not stop elections, regardless of the allegations. *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 917 (9th Cir. 2003). And while given the time limitations ASUC cannot respond to every argument and every piece of "evidence" asserted in the Motion, the true facts establish that next week's student election, run by students, under rules promulgated and administered by students, requires no lawsuit in Federal Court, let alone the grant of an order stopping it.

DAAP and its private lawyer were advised of the basis for the ASUC's ballot decision regarding next week's election. They participated in an ASUC appeal which resulted in a written opinion by the ASUC judicial council. During this process, as the declarations filed in response to the Court's March 31, 2016 Order show (Dkt. 16-1, 16-2), DAAP threatened to sue ASUC and its student leaders, if the decision was not in its favor. When the ASUC judicial council did not kowtow to this threat, this lawsuit resulted.

That DAAP followed through with this intimidation tactic does nothing for the merits of its claims. The individual DAAP students are on the ballot for next week's election. Their candidacies will be decided by the voters. There are no grounds, constitutional, or otherwise to delay the student voters' judgment.

## II. ARGUMENT

### A. Plaintiffs' Non-Compliance With Local Rules Requires Denial of The Motion

In this matter, Plaintiff filed a motion without the notice required by local Rule 7-2, which requires a hearing no earlier than 35-days after the filing of the motion. To the extent Plaintiffs

wanted ex parte relief of an earlier hearing on their motion, they were required to comply with local Rule 6-1 seeking an order shortening time or Local Rule 7-10 governing ex parte applications. They did neither, therefore the motion should be denied.

**B.     Courts Are Not In The Business Of Stopping Elections Regardless of The Allegations**

Plaintiffs ask this Court on an incomplete record to issue an order stopping a student election at U.C. Berkeley. (Motion, p. 1:2-5). In doing so, they fail to cite one case where a court has issued such an order.[1]

This lack of authority is not surprising since as the Ninth Circuit explained: "The decision to enjoin an impending election is so serious that the Supreme Court has allowed elections to go forward even in the face of an undisputed constitutional violation. (citations)." *Southwest Voter Registration Educ. Project v. Shelley, supra,* 344 F.3d at 917 (affirming denial of preliminary injunction motion seeking to stop election).

Here, as discussed below, the merits of this motion are suspect on many grounds. Nonetheless, given the logistics of any election, for both candidates and voters, regardless of the merits of this action, there is no legal basis to stop the election next week.

**C.     All Elections Have Rules And There Is No Constitutional Violation When Those Rules Are Applied**

All candidates who run in an ASUC election agreed to the following:

> I, NAME, do certify that I am the person named herein, that I have voluntarily filed this form, that I will be a student at the University of California Berkeley by the first day of instruction of my term and I have held such status in the past twelve months, that I will be a member of the Associated Students of the University of California (ASUC) by the first day of instruction of my term and I have held such status at some point in the past twelve months, and that all information contained on this form is true and correct. I understand and do agree to all elections rules contained in the ASUC Constitution and ASUC Bylaws, as executed by the ASUC Elections Council and interpreted by the ASUC Judicial Council. I understand and do agree that I or my party may be censured or disqualified from the election for

---

[1] Given the ASUC's independent status and unique relationship with the University of California, ASUC does not concede it is a "state actor" as alleged in the complaint and argued in the Motion (Motion, p. 2:19). See e.g. *Villegas v. City of Gilroy* 363 F.Supp.2d 1207 (2005 N.D. CA) (Gilroy Garlic Festival Association, Inc. not a state actor) But given the need to file this response promptly, ASUC will not address that argument here.

> violating these elections rules. I understand and do agree to the finality of the ASUC Judicial Council's decisions per the ASUC Constitution. I further acknowledge that the ASUC is an independent, nonprofit, unincorporated association under California state law.

Declaration of Aleksander Klimek in Support of Preliminary Opposition ("Klimek Dec") ¶ 9. Here, DAAP and its candidates did not follow the rules regarding ballot designation. *Id.* at ¶ 11. They were informed of that decision. *Id.* DAAP then appealed that decision to the ASUC Judicial Council. *Id.* at ¶12. The Judicial Council rendered its decision. *Id.* at ¶12.

All of the DAAP individual candidates are on the ballot for next week's election. They are also all using "DAAP" in association with their names on the ballot. *Id.* at ¶10.

The law concerning election procedures makes clear that courts apply a balancing test, even when First Amendment arguments are made. And while ASUC disputes that it is subject to the constitutional requirements of a government entity in conducting elections, even under these standards plaintiffs have failed to establish any cognizable injury. "States retain the power to regulate their own elections." *Burdick v. Takushi*, 504 U.S. 428, 433, 245 (1992). And, "[t]o achieve these necessary [government] objectives, States have enacted comprehensive and sometimes complex election codes." *Anderson v. Celebreeze*, 460 U.S.780, 788 (1983).

In order to "resolve the tension between a [party's] First Amendment rights and the state's interest in preserving the fairness and integrity of the voting process," the "Supreme Court developed a balancing test." *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1014 (9th Cir.2002). "In considering a constitutional challenge to an election law, we must weigh the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments against the precise interests put forward by the State as justifications for the burden imposed by its rule." *Nader v. Cronin*, 620 F.3d 1214, 1217 (9th Cir.2010) (per curiam) (internal quotation marks omitted).

Accordingly, "the severity of the burden the election law imposes on the plaintiff's rights dictates the level of scrutiny applied by the court." *Id.* (quoting *Nader v. Brewer*, 531 F.3d 1028, 1034 (9th Cir.2008) (internal quotation marks omitted)); see also *Burdick*, 504 U.S. at 434, 112 S.Ct. 2059 ("[T]he rigorousness of our inquiry into the propriety of a state election law depends upon the

extent to which a challenged regulation burdens First and Fourteenth Amendment rights."). "An election regulation that imposes a severe burden is subject to strict scrutiny and will be upheld only if it is narrowly tailored to serve a compelling state interest." *Cronin*, 620 F.3d at 1217 (quoting *Brewer*, 531 F.3d at 1035 (internal quotation marks and brackets omitted)). By contrast, "[a] state may justify election regulations imposing a lesser burden by demonstrating the state has 'important regulatory interests.'" *Id*. quoting *Brewer*, 531 F.3d at 1035.

Here, the only burden imposed on the DAAP was the need to file a "party endorsement form," in a timely manner, yet the Motion fails to even acknowledge this "burden" or the balancing test, let alone establish that the ASUC application of its rules creates a constitutional violation.

## III.   CONCLUSION

The ASUC election is set to start on Monday. Students have campaigned. The voters are set to vote. Nothing in the law or the facts presented in the Motion supports granting the extraordinary request of stopping this election. The motion should be denied.

DATED: April 1, 2016                              ELLENBERG & HULL

BY: _____/s/ Steven A. Ellenberg__
STEVEN A. ELLENBERG
Attorneys for Defendant Associated Students
Of the University of California (ASUC)