**Greg Hull / Bar No. 57367**
**greg@ellenberghull.com**
**Steve Ellenberg / Bar No. 151489**
**steve@ellenberghull.com**
**Ellenberg & Hull**
**4 N 2nd St Ste 1240**
**San Jose, CA 95113**
**Phone: 408-998-8500**
**Facsimile: 408-998-8503**

**Attorneys for Defendant Associated Students**
**Of the University of California (ASUC)**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEFEND AFFIRMATIVE ACTION PARTY, et al.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**REGENTS OF THE UNIVERSITY OF CALIFORNIA, et. al.**<br><br>        Defendants, | Case No. **4:16-cv-01575 -VC**<br><br>**DEFENDANT ASSOCIATED STUDENTS OF THE UNIVERSITY OF CALIFORNIA'S RESPONSE TO THE COURT'S MARCH 31, 2016 ORDER (DKT No. 15).** |

53217.002/793277v1

Defendant Associated Students of the University of California ("ASUC") submit this additional brief in response to the Court's March 31, 2016 order (DKT No. 15), which it did not see until after it had filed its Preliminary Opposition (Dkt No.22) at approximately 2 pm this afternoon. Supplementing its previous brief, ASUC responds to the Court's three questions as follows:

**Question 1**: Yes: the issue(s) in the CalSERVE and DAAP matters are distinguishable on the principal fact issue here, namely DAAP's failure to timely file the Party Endorsement Form. In contrast, CalSERVE filed all of the required forms on time and the sole issue presented was whether CalSERVE was authorized to use the "Cal" moniker, which may have infringed the "Cal" trademark.  Documentation which satisfied the Election Council that CalSERVE was authorized to use the name was supplied and the issue was resolved. (Counsel provides this information as an offer of proof because there is insufficient time to gather a second declaration testifying about these facts which leads directly to Court's question 2)

**Question 2**;   Yes: the declaration(s) filed pursuant to court order last evening show, unequivocally, that Plaintiff knew as of March 17 (the day that the Judicial Council issued its decision adverse to DAAP) that it would be filing this action. Yet, Plaintiffs waited until Wednesday, afternoon, March 30, to file and did not serve ASUC until the afternoon of Thursday, March 31.  And Plaintiffs made that filing without any prior notice to ASUC that Plaintiff intended to file and to seek provisional relief, thus requiring counsel for ASUC to respond with a preliminary Opposition in less than 24 hours from the time it received the papers from its client.  As mentioned, ASUC counsel also did not know that while it was pressing forward with an Opposition earlier today, this Court had issued another order asking the instant questions.  This kind of two-minute drill was, and is unnecessary, and was almost certainly calculated to eliminate any meaningful Opposition, or to cabin it within exceedingly brief time limits.

**Question 3**:  ASUC is aware of no authority, outside of specific statutory authority concerning union elections which would allow this Court to order a new election. See e.g.  *Wirtz*

*v. Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463 (1968) (examining labor statute which permits Court to void an election and order a new one). That being said, ASUC submits that should plaintiffs' claims have any merit, which ASUC denies, Courts do adjudicate pre-election disputes post-election for the very purpose of clarifying the law regarding election procedures and associated constitutional issues.  See e.g. *Moore v. Ogilvie,* 394 U.S. 814, 816 (1969) (election issue could arise again so issue not moot).

    Here, or course, the issue is one of procedure, the application of the ASUC ballot party identification rules and any associated First Amendment right associated with those rules. As a result, the Court could certainly provide guidance to the ASUC and to the Plaintiffs regarding future election conduct.  In particular, this Court could counsel the Plaintiffs that before filing federal court actions against officers of student government organizations it should avail itself of all remedies available to it within the rules of the governing organization that could provide the relief requested.  Here, those rules provided for, *inter alia*, a petition for a rehearing before the Judicial Council and an appeal of the Judicial Council decision to the designated law faculty advisor available for that purpose.  In addition, the Constitution of the ASUC provides (ARTICLE 7, Section 7) that in an appropriate case the judicial council may "void an election on the grounds of serious malfeasance by the Elections Council or in the case of irreparable failure of the elections mechanism" if such malfeasance or failure substantially affects the outcome of the election.
In short, there were and still are remedies available to Plaintiff that negate any necessity for this extraordinarily burdensome and 11th hour action in Federal Court.

    Finally, counsel for ASUC is available for a Saturday afternoon oral argument if the Court so decides.

Dated: April 1, 2016                            ELLENBERG & HULL

                                               By: /s/ Steven A. Ellenberg
                                               Attorneys for Defendant ASUC