UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFEND AFFIRMATIVE ACTION PARTY (DAAP), et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>REGENTS OF UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No.  16-cv-01575-VC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 3 |

The defendants, including the individual defendants, are ordered to show cause why a preliminary injunction should not issue.  The defendants' response to this OSC is due April 15.  The plaintiffs' reply is due April 22.  A preliminary injunction hearing (including, if necessary, an evidentiary hearing) is specially set for May 4 at 10 a.m.  The Court will inform the parties in advance if an evidentiary hearing is needed.

In addition to whatever other issues they wish to address, the parties should address the following questions in their briefs:

1. Have ASUC or its officers engaged in viewpoint discrimination against DAAP or its members?  Has DAAP been treated differently than other student political parties?  If there has been differential treatment, what viewpoint-neutral reasons (if any) support that differential treatment?  What specific evidence supports or refutes the view that ASUC or its officers have engaged in viewpoint discrimination against DAAP?

2. What authority, if any, would this Court have to order a new election in the event

   that the plaintiffs satisfy the prerequisites for preliminary injunctive relief?  What other relief would be available?

3. What role, if any, do the University of California and its officers play in holding ASUC elections or recognizing ASUC's elected officers?  If the plaintiffs satisfy the prerequisites for preliminary injunctive relief, should an injunction be limited to ASUC or its officers?  If not, what kind of injunctive relief would be appropriate against the University or its officers?

4. Is an evidentiary hearing necessary?  If so, what factual disputes exist that an evidentiary hearing could resolve?  What witnesses would be called?

It does not appear the plaintiffs are subject to an exhaustion requirement.  *See Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 706-08 n.41 (1979); *Rojo v. Kliger*, 801 P.2d 373, 385-88 (Cal. 1990).  Accordingly, the parties do not need to brief this issue unless they believe the Court is mistaken.

**IT IS SO ORDERED.**

Dated: April 6, 2016

_____
VINCE CHHABRIA
United States District Judge

2