UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFEND AFFIRMATIVE ACTION PARTY (DAAP), et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>REGENTS OF UNIVERSITY OF CALIFORNIA, et al.,<br><br>     Defendants. | Case No.  16-cv-01575-VC<br><br>**ORDER DENYING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 26 |

After considering the defendants' responses to the Court's April 6 order to show cause, as well as the plaintiffs' replies, the Court declines to issue a preliminary injunction.

The plaintiffs' primary allegation in this lawsuit is that ASUC refused to list the party affiliation of DAAP candidates on the ballot for ASUC's elections. They allege that ASUC's explanation for why it refused to list the candidates' party affiliation – namely, that ASUC failed to submit the necessary paperwork on time – was pretextual, and that ASUC was actually motivated by hostility towards DAAP's views. But to remedy this alleged First Amendment violation, the plaintiffs have not asked the Court to order a new election. Instead, they seek the following two forms of injunctive relief: (i) an order from the Court requiring the defendants to issue a public, written apology to the plaintiffs; and (ii) an order requiring ASUC to "return[] to the practice of making the Mandatory Candidates' Meeting the final point at which parties may declare their intention to run a slate and designate their candidates in the student elections."

A court order requiring an apology would, in addition to being ridiculous, almost certainly be a First Amendment violation of its own. In any event, the plaintiffs cannot show a

likelihood of irreparable harm "in the absence of" an apology. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Therefore, the plaintiffs' request for a court-ordered apology is denied.

Nor is there any basis for a preliminary injunction requiring ASUC to change the deadline for parties to endorse candidates. To obtain a preliminary injunction, the plaintiffs must show, among other things, that they are likely to eventually succeed on the merits of their claim. *Winter*, 555 U.S. at 20. The plaintiffs have no chance of succeeding on the merits of a facial challenge to ASUC's party-endorsement deadline, because the negligible burden imposed by that deadline is (at the very least) rationally related to a legitimate interest. *See Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 730-33 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 823 (2016).

Finally, even if the plaintiffs had requested a form of injunctive relief (namely, a new election) that correlated with the primary First Amendment injury they assert in this case (namely, viewpoint discrimination in the conduct of the prior election), they would not be entitled to that relief either. The plaintiffs are very unlikely to succeed on the merits of their claim that ASUC committed a First Amendment violation by refusing to excuse DAAP's failure to submit its paperwork on time. The deadline that ASUC applied against DAAP is facially neutral, and there's no indication that ASUC applied that deadline differently against other parties or candidates. In particular, there's no merit to the plaintiffs' argument that ASUC made an exception for Danielle Miguel, but not for DAAP. Even leaving aside the distinction between the deadline for Miguel's candidate filing form and the deadline for DAAP's party endorsement form, the evidence shows that Miguel completed and submitted her form on time, whereas DAAP did not. Nor does any other evidence so much as suggest a likelihood that ASUC's application of the deadline in question was discriminatory.

**IT IS SO ORDERED.**

Dated: May 4, 2016

_____
VINCE CHHABRIA
United States District Judge